**MUNGER, TOLLES & OLSON, LLP**
Jonathan H. Blavin (SBN 230269)
jonathan.blavin@mto.com
Nicholas D. Fram (SBN 288293)
nicholas.fram@mto.com
Cordell A. Brown (SBN 356447)
cordell.brown@mto.com
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Plaintiff*
LinkedIn Corporation

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Hope D. Skibitsky (*Pro Hac Vice*)
hopeskibitsky@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone: (415) 875-6331
Facsimile: (415) 875-6700

Victoria B. Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants*
ProAPIs Inc., Netswift (SMC-Private) Limited, and Rehmat Alam

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE COURTHOUSE

| | |
|---|---|
| LinkedIn Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ProAPIs Inc., Netswift (SMC-Private) Limited, and Rehmat Alam,<br><br>    Defendants. | Case No. 5:25-cv-08393-PCP<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:       None Set |

1. INTRODUCTION

    1.1  PURPOSES AND LIMITATIONS

This Protective Order governs confidential material that the Parties are obligated to produce pursuant to discovery served as part of the Parties' efforts to settle this lawsuit. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that, should the settlement terminate and the litigation continue, they may seek to renegotiate the terms of this Order. The Parties further acknowledge, as set forth in Section 7.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2  GOOD CAUSE STATEMENT

This Action concerns allegations that Defendants gained unauthorized access to the Plaintiff's website, extracted and copied data from millions of Plaintiff's member profile pages through automated "scraping," and operated a large network of fake accounts to facilitate that activity. Plaintiff alleges that Defendants then sold their scraping services—and the data they obtained—to customers who could use that data for any number of undisclosed purposes. Defendants deny these allegations.

In light of the claims and subject matter of this Action, as defined below, discovery is likely to involve the disclosure of confidential information, including documents identifying Defendants' customers and their contact information, computer code, and other proprietary information or information covered by non-disclosure agreements. As a result, special protection from public disclosure is warranted for these identifying documents.

For the purposes of this Protective Order, "Confidential Information" includes Discovery Material that the Producing Party in good faith believes contains confidential or proprietary

materials.  This Protective Order does not apply to information that is not confidential, public, or that after disclosure becomes public knowledge other than by an act or omission of the Receiving Party.  Accordingly, to expedite the flow of information for settlement, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

   2.1  Action:  this pending federal lawsuit.

   2.2  Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

   2.3  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

   2.4  Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   2.5  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   2.6  Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

   2.7  Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

1  2.8  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.9  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover duplication or direct reproduction of Protected Material.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1  Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the Producing Party to affix the legend "CONFIDENTIAL" to each page that contains Protected Material (or to the file name, if affixing to the page is not practical). If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2 The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Civil Local Rule 37.

6.3 The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. MISCELLANEOUS

7.1 Nothing in this Order abridges the right of any person to seek its modification by the Court.

7.2 By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

7.3 A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order

authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 23, 2026          MUNGER, TOLLES & OLSON LLP

                                  By:  /s/ *Nicholas D. Fram*
                                       NICHOLAS D. FRAM
                                       Attorneys for LinkedIn Corporation

                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
DATED: February 23, 2026

                                  By:  /s/ *Hope D. Skibitsky*
                                       HOPE D. SKIBITSKY
                                       Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: ____, 2026                 _____
                                  HONORABLE P. CASEY PITTS
                                  U.S. DISTRICT JUDGE

**ECF ATTESTATION**

I, Nicholas D. Fram, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-1(i).

/s/ *Nicholas D. Fram*
Nicholas D. Fram