**MUNGER, TOLLES & OLSON, LLP**
Jonathan H. Blavin (SBN 230269)
jonathan.blavin@mto.com
Nicholas D. Fram (SBN 288293)
nicholas.fram@mto.com
Cordell A. Brown (SBN 356447)
cordell.brown@mto.com
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Plaintiff*
LinkedIn Corporation

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Hope D. Skibitsky (*Pro Hac Vice*)
hopeskibitsky@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone: (415) 875-6331
Facsimile: (415) 875-6700

Victoria B. Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants*
ProAPIs Inc., Netswift (SMC-Private) Limited, and Rehmat Alam

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE COURTHOUSE**

LinkedIn Corporation,

Plaintiff,

v.

ProAPIs Inc., Netswift (SMC-Private) Limited, and Rehmat Alam,

Defendants.

Case No. 5:25-cv-08393-PCP

**[PROPOSED] FINAL JUDGMENT ON CONSENT**

Trial Date: None Set

**FINAL JUDGMENT ON CONSENT**

WHEREAS, on October 2, 2025, LinkedIn Corporation ("LinkedIn") filed a Complaint against Defendants ProAPIs Inc. ("ProAPIs"), Netswift (SMC-Private) Limited, and Rehmat Alam (collectively, "Defendants"; with LinkedIn, the "Parties") alleging that Defendants engaged in unlawful acts of breach of contract; fraud and deceit under California Civil Code §§ 1572, 1710; misappropriation; trespass to chattels; breach of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*; breach of the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502; breach of California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.*; and breach of the Lanham Act, 15 U.S.C. § 1125(c).

WHEREAS, LinkedIn alleges that Defendants gained unauthorized access to the LinkedIn website and LinkedIn member profile data, extracted and copied data from millions of LinkedIn member profile pages using an automated process known as "scraping," and operated a vast network of fake accounts;

WHEREAS, Defendants returned an executed service waiver on October 15, 2025.

WHEREAS, Defendants have not filed an answer in this matter, but deny liability for the actions alleged in the Complaint;

WHEREAS, Defendants consent to this Court's jurisdiction over them for the purposes of entry and enforcement of this Final Judgment on Consent;

WHEREAS, the Parties have reached an agreement for the resolution of the action; and

THEREFORE, Defendants consent and stipulate to judgment in favor of LinkedIn and authorize the Court to enter judgment granting relief in favor of LinkedIn as follows:

1. Defendants, and all of their officers, directors, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them, ARE HEREBY PERMANENTLY RESTRAINED AND BARRED from:

a. Accessing or attempting to access or use LinkedIn's website, computers, computer systems, computer networks, or computer programs (collectively, "LinkedIn's Servers"), and data stored therein ("LinkedIn Data"), through impersonation, fake accounts,

scraping, crawling, and/or the use of bots or other automated technologies, or otherwise in violation of LinkedIn's User Agreement;

b. Marketing, advertising, or otherwise making any statements or representations to anyone regarding the scraping, inclusion, or availability of LinkedIn Data on any website or service offered by Defendants;

c. Circumventing any technological measure that controls access to LinkedIn's Servers;

d. Offering, selling, making available for sale, or using any third-party service or product, including software, that (a) provides LinkedIn Data, (b) creates or operates LinkedIn accounts for the benefit of others, (c) accesses LinkedIn's Servers in an automated manner (including via any third party's LinkedIn accounts), or (d) circumvents any technological measure that controls access to LinkedIn's Servers;

e. Encouraging any third parties to use or assisting any third parties with using any service or product, including software, that (a) scrapes or makes use of scraped LinkedIn Data, (b) creates or operates LinkedIn accounts for the benefit of others, (c) accesses LinkedIn's Servers in an automated manner (including via any third party's LinkedIn accounts) or (d) circumvents any technological measure that controls access to LinkedIn's Servers;

f. Offering, selling, making available for sale, or otherwise copying and/or transferring (including for free) LinkedIn Data or information derived from LinkedIn Data to any third party, or offering, selling, making available for sale, or developing any service or product, including software, that can be used by third parties to access LinkedIn's Servers in an automated manner; and

g. Displaying LinkedIn's mark on any website or posting, or engaging in any activity likely to dilute the distinctiveness of LinkedIn's registered marks, or representing that they or any website or service they offer is associated with LinkedIn when it is not.

2. Defendants further represent—and have certified in writing, under penalty of perjury—that they have:

a. Provided LinkedIn with all documents and information that they were

required to produce under the settlement agreement;

b. Permanently deleted all LinkedIn Data that they have obtained, directly or indirectly, via any means;

c. Destroyed any reports or analyses they may have created using LinkedIn Data that ProAPIs knows, becomes aware of, or reasonably should know was obtained from LinkedIn's Servers;

d. Destroyed all software code and other instrumentalities for scraping LinkedIn's platform; and

e. Destroyed all software code (including, without limitation, SDKs and APIs) and other instrumentalities for delivering LinkedIn Data to anyone; and

f. Permanently removed any materials posted on their website and all other locations under its control that refer to scraping of LinkedIn Data, regardless of whether LinkedIn is referred to by name, or that use LinkedIn's registered marks or marks that are substantially similar to LinkedIn's registered marks.

3. Violation of any provision of this Final Judgment on Consent shall expose Defendants and all other persons bound by this Final Judgment on Consent to all applicable penalties, including contempt of Court.

4. All claims and defenses in this action are hereby resolved by this Final Judgment on Consent. This Final Judgment on Consent is final and may not be appealed by any party. The Clerk shall enter this Final Judgment on Consent forthwith.

5. This Court shall retain continuing jurisdiction over the Parties and the action for purposes of enforcing this Final Judgment on Consent, including but not limited to enforcement of the provisions concerning the documents and information that Defendants have been ordered to produce, and the settlement agreement between the Parties.

DATED: September 15, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Nicholas D. Fram*
NICHOLAS D. FRAM
Attorneys for LinkedIn Corporation

DATED: September 15, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Hope D. Skibitsky*
HOPE D. SKIBITSKY
Attorneys for Defendants

**FINAL JUDGMENT: PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: ___________________, 2026

___________________________
HONORABLE P. CASEY PITTS
U.S. DISTRICT JUDGE

**ECF ATTESTATION**

I, Nicholas D. Fram, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-1(i).

/s/ *Nicholas D. Fram*
Nicholas D. Fram